NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1039

COMMONWEALTH

vs.

MARLENE E. ABAD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Having been found guilty of assault and battery, in violation of G. L. c. 265, § 13A (a), after a jury trial in the District Court, the defendant, Marlene E. Abad, appeals. We affirm.

The defendant argues that the prosecutor's references in closing argument to the decision of the responding officer, Mitchell Walsh, to arrest the defendant was improper.[1] Because

---

[1] The prosecutor argued, "One of the most important testimonies that I suggest yesterday is the individual who has no stake in the game and that's the officer who responded to the scene that day. He doesn't know these parties as far as we know from yesterday's evidence, but he gathered the information on scene and he was able to make a determination on who was the aggressor. He charged Ms. Abad for assault and battery based on what he heard at the scene."

the defendant did not raise this objection at trial, we review to determine whether the argument was improper and, if so, whether it created a substantial risk of a miscarriage of justice.  See Commonwealth v. Kebreau, 454 Mass. 287, 304 (2009).

The Commonwealth correctly concedes that the reference to the officer's charging decision was improper.  "[S]pecial care must be taken to avoid putting the imprimatur of the State on the decision to arrest or to charge."  Commonwealth v. DaSilva, 471 Mass. 71, 81 (2015).  Having determined the argument was improper, we consider whether it produced a substantial risk of a miscarriage of justice.  Such a risk exists "when we have 'a serious doubt whether the result of the trial might have been different had the error not been made.'"  Commonwealth v. Randolph, 438 Mass. 290, 297 (2002), quoting Commonwealth v. Azar, 435 Mass. 675, 687 (2002).  "Errors of this magnitude are extraordinary events and relief is seldom granted."  Randolph, supra.

Having answered "yes" to the first of the four questions listed in Randolph, 438 Mass. at 298, we address the next two together:  "Was the defendant prejudiced by the error?" and "Considering the error in the context of the entire trial, would it be reasonable to conclude that the error materially

2

influenced the verdict?" Id. We conclude that any prejudice was minimal, and that the prosecutor's statement did not materially influence the verdict.

To begin, the prosecutor did not suggest that the defendant was guilty merely because she was charged with a crime. See Commonwealth v. Akara, 465 Mass. 245, 262 (2013). See also United States v. Bess, 593 F.2d 749, 754 (6th Cir. 1979). Nor did the prosecutor suggest that the officer's charging decision had "the imprimatur of the State." DaSilva, 471 Mass. at 81. Rather, the prosecutor invoked the officer as a neutral witness who had no stake in the outcome of the trial. In the context of her entire argument, the prosecutor was asking the jury to assess the evidence before them as the officer did, based on the defendant's statements at the time of the altercation and how they related to her claim that she struck the victim in defense of another. In that regard, as the prosecutor next said, "[W]hat [the officer] heard at the scene was that [the defendant] wanted to defend her daughter from a woman who was yelling at her." If the victim merely yelled at the defendant's daughter, the defendant would not be justified in using force to defend her daughter.

Like the prosecutor, defense counsel also asked the jury to draw inferences in the defendant's favor based on the same

3

officer's testimony.  She relied on Walsh's testimony to support her argument that the victim should not be believed because her testimony was inconsistent.  She also emphasized his testimony that he did not observe any bruises, scrapes, scratches, or red marks on the victim's face.

Moreover, during juror voir dire, the judge instructed the venire "that you're not to believe a police officer any more or less simply because that person is a police officer," and he disqualified a potential juror who seemed unable to follow that instruction.  Before closing arguments, immediately after the prosecutor's closing argument, and in his final charge, the judge instructed that closing arguments are not evidence.  And he instructed that "[i]n deciding whether to believe a witness and how much importance to give a witness's testimony, you must look at all the evidence, drawing on your own common sense and life experience.  Consider the evidence as a whole."  The judge's instructions served to mitigate any prejudice.  See Commonwealth v. Lodge, 431 Mass. 461, 471 (2000).

Thus, in the context of the entire trial, we are confident that the jury came to their verdict by assessing the testimony of the Commonwealth's and the defendant's witnesses, and not by placing emphasis on the officer's decision to arrest.

4

Finally, as to the fourth Randolph question, counsel's failure to object may have been a reasonable tactical decision. See Randolph, 438 Mass. at 298.  Defense counsel did object to other aspects of the prosecutor's closing.  Because defense counsel relied on Walsh's testimony in her closing, she may not have been concerned about the jury placing importance on what he heard and saw.  In any event, the lack of objection is an indication "that the tone [and] manner . . . of the now challenged aspects of the prosecutor's argument were not unfairly prejudicial."  Commonwealth v. Dodgson, 80 Mass. App. Ct. 307, 313 (2011), quoting Commonwealth v. Lyons, 426 Mass. 466, 471 (1998).

Because it is unlikely that the prosecutor's improper statement affected the verdict, we conclude that the statement did not create a substantial risk of a miscarriage of justice.

Judgment affirmed.

By the Court (Massing, Hand & Hershfang, JJ.[2]),

Clerk

Entered:  July 29, 2025.

---

[2] The panelists are listed in order of seniority.

5